**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR03-2043-LRR |
| Plaintiff, | No. C05-2023-LRR |
| vs. | **ORDER** |
| DELON BLACK, | |
| Defendant. | |

## TABLE OF CONTENTS

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . *2*

*III. LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.   Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* . . . . . *3*
    *B.   Standards Applicable to Sixth Amendment* . . . . . . . . . . . . . . *5*

*IV.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *A.   Defendant's Claims* . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.   Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . *10*

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

## *I. INTRODUCTION*

The matter before the court is Defendant Delon Black's motion to vacate, set aside or correct sentence (docket no. 75) and supplement (docket no. 76). Defendant filed his motion and supplement pursuant to 28 U.S.C. § 2255.[1] The government filed a resistance

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

(continued...)

(docket no. 79) on March 9, 2007. Defendant filed a reply on April 2, 2007. For the following reasons, Defendant's 28 U.S.C. § 2255 motion shall be denied. In addition, a certificate of appealability shall be denied.

## II. RELEVANT PROCEDURAL HISTORY

On September 15, 2003, the government filed an indictment against Defendant. Count 1 of the indictment charged Defendant with knowingly and intentionally possessing with intent to distribute, and aiding and abetting the possession with intent to distribute, 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2. On October 22, 2003, Defendant, without entering into a plea agreement with the government, pled guilty to Count 1 of the indictment. On November 6, 2003, the court accepted Defendant's plea of guilty.

In February of 2004, the United States Probation Office prepared a pre-sentence investigation report and a sentencing recommendation. On March 9, 2004, the government filed a sentencing memorandum. On March 11, 2004, Defendant filed a sentencing memorandum. On March 12, 2004, the court sentenced Defendant to 262 months imprisonment. The court also imposed five years supervised release and ordered Defendant to pay a $100 special assessment. Judgment entered against Defendant on the same date that the court sentenced Defendant. Defendant did not file a direct appeal.

On February 17, 2005, Defendant filed the instant motion. In his motion, Defendant claims that the court erred when it sentenced him as a career offender. Namely, Defendant contends that the court impermissibly found facts when it determined that he qualified as a career offender and the career offender enhancement is unconstitutional as it applies to him. Further, Defendant claims that his counsel provided ineffective

---

(...continued)
sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

assistance. Specifically, he claims that his counsel failed to appeal the sentence that the court imposed. On March 24, 2005, Defendant filed a supplement, which essentially argues the same claims that he asserted in his 28 U.S.C. § 2255 motion.

On January 11, 2007, the court ordered the government to respond to Defendant's motion and supplement. On March 9, 2007, the government filed a resistance. On April 2, 2007, Defendant filed a reply. In light of Defendant's contention regarding counsel's failure to file an appeal, the court appointed counsel and held an evidentiary hearing on February 21, 2008.[2] Defendant's motion is fully submitted, and the court now turns to consider it.

### III. LEGAL STANDARDS

#### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

---

[2] Generally, the court need not conduct an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (same); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that a district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). However, an evidentiary hearing is required where a defendant claims that he asked his attorney to file an appeal and his attorney failed to file an appeal. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002); *Estes v. United States*, 833 F.2d 645, 649 (8th Cir. 1989).

*See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and

prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

### B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

> prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams*, 529 U.S. at 390 (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [defendant] cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (stating that broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

Further, the standard is different when the allegation is counsel failed to file a direct appeal.

> A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of [28 U.S.C. §] 2255." [*Estes,* 833 F.2d at 648] (citations omitted). A showing of actual prejudice is not necessary. [*Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)] citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992)). Nevertheless, for a [defendant] to succeed, he must show that he made his desire to appeal evident to his attorney. *See Barber*, 204 F.3d at 1182. "A bare assertion by the [defendant] that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the factfinder finds to be more credible indicates the contrary proposition." *Id*. (citation omitted).

*Yodprasit*, 294 F.3d at 969.

## IV. ANALYSIS

### A. Defendant's Claims

With respect to the claim that counsel failed to appeal the sentence that the court imposed, the court, after reviewing the record and the evidence presented at the evidentiary hearing, finds as follows:

1. Defendant believes that his attorney, Michael K. Lahammer, did a phenomenal job representing him. At the time of his plea hearing, the court explained that he would be sentenced under the United States Sentencing Guidelines and that a judge would determine the appropriate sentence to impose. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply in his case, that he understood the court would not be able to determine the appropriate sentence until the United States

7

Probation Office prepared the pre-sentence investigation report and that the sentence imposed might be different from what his attorney estimated.

2. When discussing the pre-sentence investigation report at the Linn County Correctional Center, defense counsel explained to Defendant that the court could find him to be a career offender or a manager in the offense and that, in his sentencing memorandum and at the time of sentencing, he would argue both issues and, thereby, preserve them for appellate purposes. Defendant acknowledged that his attorney never made any promises as to the sentence he would receive and that his attorney indicated there was a strong possibility the court would agree with the conclusions contained in the pre-sentence investigation report.

3. At the sentencing hearing, defense counsel objected to all portions of the pre-sentence investigation report that Defendant disliked, and he did a good job, that is, he advocated and persuaded the court to sentence Defendant at the low end of the applicable guideline range. At the conclusion of the sentencing hearing, Defendant recalls that the court advised him of his right to file a written appeal within ten days.

4. After the sentencing hearing, Defendant and his attorney discussed for approximately twenty minutes whether to file an appeal. The discussion lasted longer than usual and defense counsel made a separate entry in his records because of the court's career offender findings. Defense counsel wrote a letter, which is dated March 12, 2004, to Defendant. In such letter, defense counsel, among other things, stated:

> [Y]ou have 10 days from the date the judgment is filed in which to file a notice of appeal. I have an obligation to advise you of this, but I do **not** believe there are any valid grounds to appeal. As we discussed, your two prior offenses . . . are valid predicate offenses under [Eighth] Circuit law. Let me know as soon as possible if you want me to file an appeal.

Along with his letter, defense counsel sent Defendant two cases that went against him, that is, supported the court's conclusion that Defendant qualified as a career offender. Defense counsel wrote the letter because he recalled that, after their discussion, Defendant decided

8

to take his advice, that is, decided not to appeal, and Defendant could have changed his mind. Defendant remembered receiving the letter, and he could not recall whether he ever contacted defense counsel after receiving the letter. Defense counsel adamantly denied that Defendant ever contacted him to say that he wanted to file an appeal.

5. Defendant acknowledged that, on December 27, 2004, he filed a motion for production of documents. Defendant filed such motion because he sought to challenge the constitutionality of his guilty plea in light of recent decisions by the Supreme Court. Although aware that his attorney did not file an appeal, Defendant did not contend that the failure to file an appeal supported his motion for production of documents. Further, Defendant admitted that, although he contacted his attorney regarding recent decisions by the Supreme Court, he never contacted his attorney after he learned an appeal had not been filed.

6. Defendant failed to show that he directed or instructed his attorney to file an appeal after the sentencing hearing. Defendant's contention that he zealously requested an appeal because he wanted to litigate the court's adverse career offender determination is weakened by the fact that he does not account for the March 12, 2004 letter or any of the time that passed between the date judgment entered and the date he filed the instant motion. Defendant's contention is also weakened by the fact that Defendant made many, if not all, of his statements regarding an appeal prior to the sentencing hearing.

Here, Defendant and defense counsel have offered conflicting testimony, that is, Defendant claims that he expressed his desire to appeal and defense counsel contends that Defendant never requested an appeal. Defense counsel's testimony is more credible, especially in light of the record. In contrast, Defendant only offers self-serving testimony, and he does not account for events that occurred after the sentencing hearing. Aside from Defendant's self-serving testimony, there is simply no evidence that Defendant asked defense counsel to file an appeal. Concerning Defendant's claim that his attorney failed

to file an appeal, the court concludes that defense counsel did not provide ineffective assistance.

Regarding Defendant's remaining claims, the court deems it appropriate to deny Defendant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law in the Eighth Circuit as applied to the facts in Defendant's case. The government correctly concluded that: (1) the defendant is unable to rely on *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), *see Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005) (determining that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings"); and (2) Defendant's career offender claim is procedurally defaulted, *see Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), and/or without merit because no violation of the defendant's constitutional right to effective assistance of counsel occurred, *see Strickland*, 466 U.S. at 689-95.

Moreover, the court thoroughly reviewed the record and finds that the denial of Defendant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Apfel*, 97 F.3d at 1076 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder*, 810 F.2d at 821)). Accordingly, Defendants's 28 U.S.C. § 2255 motion shall be denied.

### B. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. §

2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that Defendant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason

11

to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, Defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

The court finds all of Defendant's assertions to be without merit. Accordingly, Defendant's motion pursuant to 28 U.S.C. § 2255 (docket no. 75) is **DENIED**. In addition, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA